## LOCKLAND LUMBER CO. v. ANNA McLEAN MARSH.

IN A CASE WHERE EITHER PARTY IS ENTITLED TO A JURY, THE CASE IS NOT APPEALABLE.

> Where money is sued for, and it is brought into court because of a controversy
> · as to who is entitled to it, any of the parties in interest is entitled to a trial by
> a jury, and the case is not appealable.

HEARD ON MOTION to dismiss the appeal.

SMITH, J.

The plaintiff in this case filed a petition against Anna M. Marsh et al. to recover a judgment against Mrs. Marsh on an account for lumber, materials, etc., furnished her in the construction of a building, alleging that there was a balance due from her on said account of $616.81, and in a second cause of action asking for the foreclosure of a mechanic's lien taken to secure the same.   Other persons claiming liens were made parties.

After the service of process upon her, Mrs. Marsh filed an affidavit under sec. 5016, Rev. Stat., in substance, admitting that there was due from her on the construction of such building the sum of $616.81, and that $590.40 of this sum was claimed by other persons as well as the plaintiff, and offering to bring the same into court for the parties to settle their rights thereto.   She also admitted that she owed the plaintiff on its claim $26.41, and offered to confess a judgment in favor of said plaintiff therefor and for the accrued costs.   On the order of the court the said sum of $590.40 was paid into court, and the several claimants proceeded to litigate their rights as to said fund.   The plaintiff did not accept the offer of Mrs. Marsh to accept judgment for the $26.41.

After the trial the court found that Mrs. McLean Marsh was indebted to plaintiff in the sum of $26.41, and rendered a judgment therefor.   The $590.40 was awarded to parties other than the plaintiff.   From this judgment plaintiff attempted to appeal, and the question submitted is whether such an appeal lies.

Clearly as against Mrs. McLean Marsh the plaintiff had no right to appeal.   It had two causes of action against her—one for money only, and the other for foreclosure of its lien.   If there were no other defendants in such case no appeal could be taken.   As it claimed a money judgment against her, under the settled law of this state, no appeal by either would lie, as either party was entitled to a trial by jury.   Does the fact that other parties assert liens against this property give plaintiff right to appeal as to her ?   We think not.   Under the circumstances, the only way in which the judgment rendered in favor of plaintiff against Mrs. Marsh could be reviewed would be by petition in error, and as Mrs. Marsh was a necessary party to the appeal, we are of the opinion that, on principle, the same rule must apply to the controversy between the plaintiff and the other defendants as to the fund paid by Mrs. Marsh into court.

We think, too, that the case of Maginnis v. Schwab, 24 O. S., 336, is authority for holding that in a case like this. where money is sued for,

and it is brought into court under the provisions of this section, on the ground that there is controversy as to who is entitled to it, that, in such case, either of the parties is entitled to a trial by jury on such issue, and therefore that the case is not one for appeal. The motion will therefore be granted and the appeal dismissed.

SWING, J., concurs.

COX, J., is of the opinion that the motion should be overruled.

*Cobb & Howard*, for plaintiff.

*Morrow & Oldham; Drausin Wulsin; Oliver B. Jones; Harmon, Colston, Goldsmith & Hoadly; Chas. D. Irvine; John G. O'Connell; J. T. DeMar; C. L. Lundy* and *E. B. Molony*, for the defendants.